UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Martin Akerman, I, | Case No. 2:24-cv-01734-RFB-DJA |
| Petitioner, | |
| v. | **Order** |
| The Nevada National Guard; The Attorney General of the State of Nevada, | |
| Respondents. | |

Before the Court is Petitioner Martin Akerman's motion for leave to proceed without paying the filing fee under 38 U.S.C. § 4323(h)(1) of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and motion for leave to file electronically. (ECF Nos. 1, 3). Attached to his motion for leave to proceed without paying the filing fee is Akerman's petition for writ of replevin and for writ of mandamus. (ECF No. 1-2 at 1-6); (ECF No. 1-3). Because it does not appear from Akerman's motion or petition that he is claiming rights under USERRA through this action, the Court denies his motion for leave to proceed without paying the filing fee without prejudice. However, the Court grants Akerman's motion for leave to file electronically.

I.  **Background.**[1]

Akerman was employed as an Information Technology Specialist with the National Guard Bureau until the agency[2] issued a proposal to indefinitely suspend him. (ECF No. 1-2 at 10, 17).

---

[1] The background of Akerman's case is not entirely clear from his petition. So, the Court derives its understanding of his case from the agency and court orders Akerman attaches to his petition. This background is a summary of Akerman's allegations and the orders Akerman attached and is not intended to constitute findings of fact.

[2] It is unclear from Akerman's pleading and from the orders he attaches which agency made the decision to terminate him. Petitioner lists the Nevada National Guard as a respondent in this case.

Plaintiff sought a stay of the suspension from the Merit Systems Protection Board ("MSPB"). (*Id.* at 10). However, on March 7, 2022, the MSPB administrative law judge ("ALJ") in Case No. DC-1221-22-0257-S-1 denied Akerman's request to stay the agency's proposal, explaining that Akerman had not exhausted his administrative remedies and that the MSPB could not decide the issue because the agency had simply *proposed* to suspend him. (*Id.* at 11-12).[3]

The agency ultimately suspended Akerman effective April 24, 2022, explaining that its decision was based on Akerman's inability to obtain and/or maintain a top secret security clearance. (*Id.* at 17, 22). Akerman then claimed to the MSPB in Case No. DC-0752-22-0376-S-1 that he was really suspended for discriminatory reasons on the basis of his disability, in violation of due process, and in retaliation (presumably for whistleblowing activity). (*Id.* at 16-17). However, on April 29, 2022, the MSPB declined Akerman's renewed request that the MSPB stay the suspension, explaining that the MSPB lacks the authority to decide the merits of an issue involving a security clearance. (*Id.* at 14, 19).

Akerman sought a petition for writ of mandamus to the MSPB in Case No. DC-1221-22-0257-S-1 from the United States Court of Appeals for the Federal Circuit. (*Id.* at 33). But the

---

However, in his cases before the Merit Systems Protection Board ("MSPB"), the MSPB referenced the Department of the Army as the agency deciding to suspend Akerman's employment. *See, e.g.*, (ECF No. 1-2 at 21). Additionally, in Akerman's appeal numbered Case No. DC-1211-22-0257-W-1, the MSPB Chairpersons noted that Akerman "raised several objections to the fact that the Department of the Army was listed as the agency respondent, asserting, at various times, that the Department of the Air Force, Department of Defense, the National Guard Bureau Joint Staff, and National Security Agency should be added as agency respondents." (*Id.* at 22-23). The MSPB Chairpersons noted that the ALJ "found it appropriate to docket a separate [individual right of action] appeal against the Department of the Air Force" under a separate case number. (*Id.* at 23). Due to the uncertainty, the Court simply refers to the agency responsible for suspending Akerman's employment as the "agency."

[3] Akerman appears to have continued to pursue this case as evidenced by the appeal decision he attaches with a similar case number, Case No. DC-1221-22-0257-W-1. (ECF No. 1-2 at 21-30). But after he simultaneously filed related actions in a United States District Court, Akerman asserted that his cases were no longer before the MSPB. (*Id.*). The ALJ explained that the MSPB cases would still continue despite Akerman's simultaneous District Court cases, but Akerman was unwilling to participate in the appeal before the MSPB, insisting that the cases were no longer before the MSPB. (*Id.*). The Chairpersons of the MSPB ultimately upheld the ALJ's decision to dismiss the case without prejudice on May 29, 2024 and informed Akerman of his appeal rights. (*Id.*).

1  Federal Circuit denied him that relief, explaining that the Federal Circuit lacked jurisdiction over
2  one of Akerman's (non-USERRA) discrimination claims[4] and that Akerman had otherwise failed
3  to show why the ordinary review process before the MSPB was an inadequate forum to raise his
4  challenges to the MSPB's decisions. (*Id.*). Akerman also appears to have sought relief related to
5  his employment from the Nevada Supreme Court in 2023, but the Nevada Supreme Court
6  ultimately denied his request for that relief on August 23, 2024. (*Id.* at 41).

7  Akerman initiated the instant action on September 16, 2024 by filing his motion to
8  proceed without paying the filing fee and attaching a petition for writ of replevin[5] and request for
9  mandamus[6] relief. (ECF Nos. 1, 1-2). In his petition, Akerman asks the Court to mandate the
10 return of his federal employment tenure, to assert jurisdiction over his MSPB cases, and to hold
11 an emergency hearing. (ECF No. 1-2 at 5). Akerman also sought leave to file electronically.
12 (ECF No. 3).

---

[4] The Federal Circuit stated that it lacked jurisdiction over cases of discrimination subject to the provisions of 5 U.S.C. § 7702, like Akerman's. (ECF No. 1-2 at 34). 5 U.S.C. § 7702 provides a process by which the MSPB must address discrimination claims under the Civil Rights Act of 1964, the Fair Labor Standards Act of 1938, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act of 1967. *See* 5 U.S.C. § 7702(a). It does not reference discrimination claims under USERRA.

[5] A writ of replevin authorizes the retaking of personal property wrongfully taken or detained. *Replevin*, BLACK'S LAW DICTIONARY, (12th ed. 2024). Federal Rule of Civil Procedure 64 makes replevin and other prejudgment remedies available in federal court. *See* Fed. R. Civ. P. 64(b); *see Kanaway Seafoods, Inc. v. Predator*, No. 3:22-cv-00027-JMK-KFR, 2022 WL 17361252, at *4 (D. Alaska Sept. 23, 2022).

[6] "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); *Kerr v. U.S. Dist. Ct. N. Dist. of Cal.*, 426 U.S. 394, 399 n.3 (1976). Federal courts have authority to issue a writ of mandamus under the "All Writs Act," 28 U.S.C. § 1651. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010). Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes" and "only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will justify the invocation of this extraordinary remedy." *Id.* (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (internal citations omitted).

**II.     Discussion.**

**A.    *Akerman's motion to proceed without paying the filing fee under USERRA.***

Akerman has not sufficiently demonstrated that his claims arise under USERRA for the Court to determine that he is entitled to the fee exception that USERRA provides.  USERRA is intended to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3).  The United States Office of Special Counsel ("OSC") explains that USERRA "protects military service members and veterans from employment discrimination on the basis of their service, and allows them to regain their civilian jobs following a period of uniformed service." *USERRA Overview*, U.S. OFFICE OF SPECIAL COUNSEL, https://osc.gov/Services/Pages/USERRA.aspx (last visited October 17, 2024).  The OSC further explains that USERRA ensures that employees are not discriminated against by employers because of past, present, or future military service, and that USERRA applies to both public and private employers.  *Id.*  Under USERRA, "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1); *see Hanson v. Cnty. of Kitsap*, No. 13-5388 RJB, 2013 WL 11253207, at *1 (W.D. Wash. May 29, 2013).

It is unclear whether Akerman's case arises under USERRA such that he can invoke its exemption from fees and costs.  In his motion, Akerman states that he "is asserting claims that arise under USERRA and the Whistleblower Protection Enhancement Act (WPEA)," and that his "federal employment tenure was wrongfully forfeited following his disclosures of federal misconduct, triggering adverse employment actions in violation of USERRA and WPEA protections." (ECF No. 1 at 2).  But Akerman's petition does not invoke USERRA.  And the documents he attaches to his petition do not indicate that his case is based on USERRA's provisions.  The Court thus lacks a basis to grant Akerman's motion to proceed without paying the filing fee under USERRA's provisions and thus denies his motion without prejudice.

The Court notes, however, that Akerman has explained that he faces significant financial hardship. (ECF No. 1 at 3).  Even if Akerman cannot demonstrate that he is claiming rights arising under USERRA, he may still file an application to proceed without paying the filing fee,

or "*in forma pauperis*," using the Court's form. This form can be found on the Court's website at https://www.nvd.uscourts.gov/court-information/forms/.

### B. Akerman's motion for leave to file electronically.

Akerman moves for leave to file electronically. Under Local Rule IC 2-1(b), a *pro se* litigant may request the court's authorization to register as a filer in a specific case. Akerman appears to have access to a word processing program and indicates that he has electronic filing privileges in another case. Because the Court finds that Akerman is capable of filing electronically, it grants the motion. (ECF No. 3).

**IT IS THEREFORE ORDERED** that Akerman's motion for leave to proceed without paying the filing fee (ECF No. 1) is **denied without prejudice.** Akerman shall have until **November 18, 2024** to either pay the filing fee, file an application to proceed *in forma pauperis* on this Court's approved form, or file a renewed motion to proceed without paying the filing fee under USERRA that explains the basis for his motion. **Failure to comply with this order may result in the recommended dismissal of this action.**

**IT IS FURTHER ORDERED** that Akerman's motion to file electronically (ECF No. 3) is **granted.**

**IT IS FURTHER ORDERED** that Akerman must: (1) obtain a PACER account; (2) be familiar with the Local Rules for the Electronic Filing procedures in the District of Nevada; and (3) complete the e-filing registration for the District of Nevada through Manage PACER Account. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.

DATED: October 18, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE