**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Martin Akerman, I, | Case No. 2:24-cv-01734-RFB-DJA |
| Petitioner, | |
| v. | **Order** |
| The Nevada National Guard; The Attorney General of the State of Nevada, | |
| Respondents. | |

Before the Court is Petitioner Martin Akerman's renewed motion for leave to proceed without paying the filing fee under 38 U.S.C. § 4323(h)(1) of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). (ECF No. 7). Also before the Court is Akerman's motion to correct case caption (ECF No. 5), "motion to commend the habeas court and request linking of cases for briefing and interim relief" (ECF No. 9), and "motion for judicial transparency and procedural clarification"[1] (ECF No. 10). Because it still does not appear from Akerman's motion or petition that he is claiming rights under USERRA through this action, the Court denies his motion for leave to proceed without paying the filing fee without prejudice. Because the case caption is based off of Akerman's petition, the Court denies Akerman's motion to correct case caption and "motion for judicial transparency" and informs Akerman that, should he wish the case caption to be different, he may file an amended petition or complaint. Because Akerman has neither obtained leave to proceed without paying the filing fee and passed screening nor paid the filing fee, the Court denies his "motion to commend the habeas court and request linking of cases for briefing and interim relief" as premature.

---

[1] On the docket, this motion is titled motion "for More Definite Statement re 9 Motion to Consolidate Cases, 2 Advisory Letter Pro Se non-habeas…" The motion seeks various forms of relief, including amending the case caption.

I. **Background.**[2]

Akerman was employed as an Information Technology Specialist with the National Guard Bureau until the agency[3] issued a proposal to indefinitely suspend him. (ECF No. 1-2 at 10, 17). Plaintiff sought a stay of the suspension from the Merit Systems Protection Board ("MSPB"). (*Id.* at 10). However, on March 7, 2022, the MSPB administrative law judge ("ALJ") in Case No. DC-1221-22-0257-S-1 denied Akerman's request to stay the agency's proposal, explaining that Akerman had not exhausted his administrative remedies and that the MSPB could not decide the issue because the agency had simply *proposed* to suspend him. (*Id.* at 11-12).[4]

The agency ultimately suspended Akerman effective April 24, 2022, explaining that its decision was based on Akerman's inability to obtain and/or maintain a top secret security clearance. (*Id.* at 17, 22). Akerman then claimed to the MSPB in Case No. DC-0752-22-0376-S-

---

[2] The background of Akerman's case is not entirely clear from his petition. So, the Court derives its understanding of his case from the agency and court orders Akerman attaches to his petition. This background is a summary of Akerman's allegations and the orders Akerman attached and is not intended to constitute findings of fact.

[3] It is unclear from Akerman's pleading and from the orders he attaches which agency made the decision to terminate him. Akerman lists the Nevada National Guard as a respondent in this case. However, in his cases before the Merit Systems Protection Board ("MSPB"), the MSPB referenced the Department of the Army as the agency deciding to suspend Akerman's employment. *See, e.g.*, (ECF No. 1-2 at 21). Additionally, in Akerman's appeal numbered Case No. DC-1211-22-0257-W-1, the MSPB Chairpersons noted that Akerman "raised several objections to the fact that the Department of the Army was listed as the agency respondent, asserting, at various times, that the Department of the Air Force, Department of Defense, the National Guard Bureau Joint Staff, and National Security Agency should be added as agency respondents." (*Id.* at 22-23). The MSPB Chairpersons noted that the ALJ "found it appropriate to docket a separate [individual right of action] appeal against the Department of the Air Force" under a separate case number. (*Id.* at 23). Due to the uncertainty, the Court simply refers to the agency responsible for suspending Akerman's employment as the "agency."

[4] Akerman appears to have continued to pursue this case as evidenced by the appeal decision he attaches with a similar case number, Case No. DC-1221-22-0257-W-1. (ECF No. 1-2 at 21-30). But after he simultaneously filed related actions in a United States District Court, Akerman asserted that his cases were no longer before the MSPB. (*Id.*). The ALJ explained that the MSPB cases would still continue despite Akerman's simultaneous District Court cases, but Akerman was unwilling to participate in the appeal before the MSPB, insisting that the cases were no longer before the MSPB. (*Id.*). The Chairpersons of the MSPB ultimately upheld the ALJ's decision to dismiss the case without prejudice on May 29, 2024 and informed Akerman of his appeal rights. (*Id.*).

that he was really suspended for discriminatory reasons on the basis of his disability, in violation of due process, and in retaliation (presumably for whistleblowing activity). (*Id.* at 16-17). However, on April 29, 2022, the MSPB declined Akerman's renewed request that the MSPB stay the suspension, explaining that the MSPB lacks the authority to decide the merits of an issue involving a security clearance. (*Id.* at 14, 19).

Akerman sought a petition for writ of mandamus to the MSPB in Case No. DC-1221-22-0257-S-1 from the United States Court of Appeals for the Federal Circuit. (*Id.* at 33). But the Federal Circuit denied him that relief, explaining that the Federal Circuit lacked jurisdiction over one of Akerman's (non-USERRA) discrimination claims[5] and that Akerman had otherwise failed to show why the ordinary review process before the MSPB was an inadequate forum to raise his challenges to the MSPB's decisions. (*Id.*). Akerman also appears to have sought relief related to his employment from the Nevada Supreme Court in 2023, but the Nevada Supreme Court ultimately denied his request for that relief on August 23, 2024. (*Id.* at 41).

Akerman initiated the instant action on September 16, 2024, by filing a motion to proceed without paying the filing fee and attaching a petition for writ of replevin[6] and request for mandamus[7] relief. (ECF Nos. 1, 1-2). In his petition, Akerman asks the Court to mandate the

---

[5] The Federal Circuit stated that it lacked jurisdiction over cases of discrimination subject to the provisions of 5 U.S.C. § 7702, like Akerman's. (ECF No. 1-2 at 34). 5 U.S.C. § 7702 provides a process by which the MSPB must address discrimination claims under the Civil Rights Act of 1964, the Fair Labor Standards Act of 1938, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act of 1967. *See* 5 U.S.C. § 7702(a). It does not reference discrimination claims under USERRA.

[6] A writ of replevin authorizes the retaking of personal property wrongfully taken or detained. *Replevin*, BLACK'S LAW DICTIONARY, (12th ed. 2024). Federal Rule of Civil Procedure 64 makes replevin and other prejudgment remedies available in federal court. *See* Fed. R. Civ. P. 64(b); *see Kanaway Seafoods, Inc. v. Predator*, No. 3:22-cv-00027-JMK-KFR, 2022 WL 17361252, at *4 (D. Alaska Sept. 23, 2022).

[7] "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); *Kerr v. U.S. Dist. Ct. N. Dist. of Cal.*, 426 U.S. 394, 399 n.3 (1976). Federal courts have authority to issue a writ of mandamus under the "All Writs Act," 28 U.S.C. § 1651. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010). Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes" and "only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will

return of his federal employment tenure, to assert jurisdiction over his MSPB cases, and to hold an emergency hearing. (ECF No. 1-2 at 5). In his renewed motion to proceed without paying the filing fee, Akerman asserts that the "illegal actions taken against [him] were carried out by General Garduno," in retaliation and "in violation of USERRA." (ECF No. 7 at 2). Akerman appears to assert that General Garduno violated USERRA, 38 U.S.C. § 4311(b). (*Id.*). Akerman attaches various orders and filings from other courts, including one from the United States Supreme Court which Akerman claims "affirms [his] veteran status, which supports his waiver." (*Id.*).

Akerman has also moved to correct the case caption. (ECF No. 5). He asks for the Court to update the case caption to reflect "the origin and nature of the appeal." (*Id.*). And Akerman has filed a document titled "motion for judicial transparency and procedural clarification." (ECF No. 10). In it, he asks that the Court "[i]ssue an order clarifying the procedural posture of this case," update the caption, "[p]rovide specific guidance on the proper procedural approach for resolving the overlapping claims of replevin, mandamus relief, and Fifth Amendment violations," and "[e]nsure all filings and claims are transparently docketed." (*Id.* at 4). Akerman's "motion to commend the habeas court and request linking of cases for briefing and interim relief," asks the Court to consolidate this case with two Ninth Circuit appeals and to require the Federal Circuit to stay another case. (ECF No. 9).

**II.    Discussion.**

    ***A.    Akerman's motion to proceed without paying the filing fee under USERRA.***

Akerman still has not sufficiently demonstrated that his claims arise under USERRA for the Court to determine that he is entitled to the fee exception that USERRA provides. USERRA is intended to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). The United States Office of Special Counsel ("OSC") explains that USERRA "protects military service members and veterans from employment

---

justify the invocation of this extraordinary remedy." *Id.* (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (internal citations omitted).

discrimination on the basis of their service, and allows them to regain their civilian jobs following a period of uniformed service." *USERRA Overview*, U.S. OFFICE OF SPECIAL COUNSEL, https://osc.gov/Services/Pages/USERRA.aspx (last visited October 17, 2024). The OSC further explains that USERRA ensures that employees are not discriminated against by employers because of past, present, or future military service, and that USERRA applies to both public and private employers. *Id.* Under USERRA, "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1); *see Hanson v. Cnty. of Kitsap*, No. 13-5388 RJB, 2013 WL 11253207, at *1 (W.D. Wash. May 29, 2013).

It is unclear whether Akerman's case arises under USERRA such that he can invoke its exemption from fees and costs. In his motion, Akerman only vaguely refers to USERRA and its protections, claiming that a general violated his USERRA rights, but does not specifically explain why this action arises under USERRA. And, as before, Akerman's petition does not indicate that his case is based on USERRA's provisions. Additionally, while Plaintiff attaches various documents from the United States Supreme Court, the Nevada Supreme Court, the Arlington, Virginia County Court, and the Court of Appeals for the Federal Circuit, those documents do not establish whether Akerman is claiming rights under USERRA in *this* case. The Court also lacks the resources to comb through multiple documents to determine the basis for Akerman's request. If Akerman wishes to again move for a fee exemption under USERRA, he must specifically identify why he is entitled to do so in his motion and not by simply attaching other unrelated documents. And, as outlined above, it is not clear from Akerman's petition that his case arises under USERRA, so he may not simply refer to his petition. In the alternative, Akerman may file a completed application to proceed *in forma pauperis* on this Court's approved form.

**B.     *Akerman's remaining motions.***

Because Akerman has not paid the filing fee and has not been exempted from paying the filing fee, his motions are premature. (ECF Nos. 5, 9, 10). The Court thus denies them without prejudice. Additionally, the Court informs Akerman that his case caption is based on the petition Akerman originally filed, which does not indicate that this case is an appeal. (ECF No. 1-2). Also, the Court has not yet screened that petition. So, if Akerman wishes to amend its caption, he

may file an amended petition or complaint along with any future motion to proceed without paying the filing fee or application to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that Akerman's motion for leave to proceed without paying the filing fee (ECF No. 7) is **denied without prejudice.** Akerman shall have until **February 7, 2025,** to either: (1) pay the filing fee; (2) file an application to proceed *in forma pauperis* on this Court's approved form; or (3) file a renewed motion to proceed without paying the filing fee under USERRA that explains the basis for his motion. **Failure to comply with this order may result in the recommended dismissal of this action.**

**IT IS FURTHER ORDERED** that Akerman's motion to correct case caption (ECF No. 5), motion to commend the habeas court (ECF No. 9), and motion for judicial transparency (ECF No. 10) are **denied without prejudice.**

DATED: January 8, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE