UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Martin Akerman, I,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>The Nevada National Guard; The Attorney General of the State of Nevada,<br><br>　　　　　Respondents. | Case No. 2:24-cv-01734-RFB-DJA<br><br>**Order** |

　　　　Before the Court is Petitioner Martin Akerman's motion to clarify (ECF No. 12) and notice of related filing and request for assistance (ECF No. 15). In his motion to clarify, Akerman asks the Court to answer certain legal questions and provide its interpretation of certain legal provisions. In his notice of related filing and request for assistance, Akerman informs the Court that he filed a petition for writ of certiorari with the Supreme Court "in relation to the Writ of Replevin pending before this Court" and asks for the Court's help in "obtaining critical records" from another action.

　　　　The Court denies Akerman's motions because it appears that he is seeking legal advice and for the Court to advocate on his behalf. The Court cannot provide litigants with legal advice or act as an advocate for any litigant. *See Rush v. Denco Enterprises, Inc.*, No. ED CV 11-00030-DOC-DTBx, 2011 WL 13130991, at *2 (C.D. Cal. June 29, 2011) (compiling cases). And, to the extent Plaintiff asks the Court to take judicial notice of his petition for writ of certiorari for the truth of the statements therein, the Court cannot do so. *See GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F.Supp.3d 1007, 1019 (C.D. Cal. 2017) (explaining that, while a court may take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings; the court may not accept as true the facts found or alleged in such documents). Additionally, to the extent Akerman requests information about the Court's filing fees, the

Court's fee schedule can be found on its website at https://www.nvd.uscourts.gov/court-information/fee-schedule/.

The Court also notes that Akerman has not met the February 7, 2025, deadline to pay the filing fee, file an application to proceed *in forma pauperis*, or file a renewed motion to proceed without paying the filing fee under USERRA that explains the basis for his motion. (ECF No. 11). The Court notes that Akerman has included a "request for extension…before further action in this case" in the body of his motion for hearing which he filed on February 4, 2025. (ECF No. 14). Akerman does not identify the deadline he seeks to extend in that request and has not filed a separate motion for extension as required by the Nevada Local Rules. *See* LR IC 2-2(b) (requiring that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."). Nonetheless, because it is possible that Akerman was seeking to extend the February 7, 2025, deadline, the Court will *sua sponte* extend the deadline. *See* Fed. R. Civ. P. 6(b)(1)(A).

**IT IS THEREFORE ORDERED** that Akerman's motions (ECF Nos. 12, 15) are **denied.**

**IT IS FURTHER ORDERED** that Akerman shall have until **April 16, 2025,** to either: (1) pay the filing fee; (2) file an application to proceed *in forma pauperis* on this Court's approved form; or (3) file a renewed motion to proceed without paying the filing fee under USERRA that explains the basis for his motion. **Failure to comply with this order may result in the recommended dismissal of this action.**

DATED: March 17, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE