UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN AKERMAN, | Case No. 2:24-cv-01734-RFB-DJA |
| Petitioner, | **ORDER** |
| v. | |
| THE NEVADA NATIONAL GUARD, *et al.*, | |
| Respondents. | |

Before the Court are Petitioner Martin Akerman's Emergency Motion to Clarify, Emergency Motion to Stay, Motion for a Protective Order, *Ex Parte* Motion for a Temporary Restraining Order, and Emergency Motion to Proceed *in forma pauperis*. (ECF Nos 12-17). For the foregoing reasons, the Court dismisses Petitioner's case as a sanction for his failure to comply with numerous Court Orders and deadlines, and failure to show excusable neglect. Accordingly, the Court denies the pending Motions as moot.

### I. BACKGROUND

Petitioner Martin Akerman's initiated this case on September 16, 2024, with a Motion for Leave to Proceed *in forma pauperis* and petition for writ of replevin and for writ of mandamus. ECF No. 1, 1-2. Plaintiff's Motion sought to proceed without paying the filing fee under 38 U.S.C. § 4323(h)(1) of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). ECF No. 1. On October 18, 2024, the Honorable Magistrate Judge Daniel J. Albregts denied Mr. Akerman's (ECF No. 1) Motion without prejudice, because neither his Petition nor Motion indicated that he was claiming rights under USERRA. ECF No. 6. The Court gave Akerman until November 18, 2024 to either pay the filing fee, file an application to proceed

*in forma pauperis* on the Court's approved form, or file a renewed motion to proceed without paying the filing fee under USERRA that explained the basis for his motion. Id. The Court warned Mr. Akerman that **failure to comply with the Court's Order could result in the recommended dismissal of the case**. Id.

On October 15, 2024, Akerman filed a renewed Motion for leave to proceed without paying the filing fee under USERRA. ECF No. 7. Akerman also filed other procedurally improper Motions. ECF Nos. 7, 5, 9, 10. Judge Albregts again denied the Motion for leave to proceed without paying the filing fee, because Akerman's renewed Motion had not cured its previous deficiency—it still failed to establish how Akerman's claims arise under USERRA. ECF No. 11. The Court provided Akerman another opportunity to 1) pay the filing fee; 2) file an application to proceed *in forma pauperis* on the Court's approved form; or 3) file a renewed motion to proceed without paying the filing fee under USERRA that explained the basis for his motion. Id. The Court extended the time for Akerman to resolve the filing fee issue until **February 7, 2024**. Id. The Court also denied Plaintiff's other Motions because they were filed without addressing the filing fee, and before mandatory screening of his Petition, and thus were premature. Id. Akerman also filed a Motion to amend his case caption, however the Court instructed Akerman that the caption was based on his originally filed Petition, and if he sought to amend that Petition, he should file an amended petition along with any future motion to proceed without paying the filing fee or application to proceed *in forma pauperis*. Id. The Court again warned Akerman that **failure to comply with the Court's Order could result in the dismissal of his case.**

Akerman did not comply with the Court's (ECF No. 11) Order. Instead, Akerman filed additional, procedurally improper Motions. In his (ECF No. 12) Emergency Motion to Clarify, Akerman asked the Court legal questions and for the Court's interpretation of certain legal provisions. Mr. Akerman has already been informed that the Court cannot not provide him legal advice. See ECF No. 8. In his (ECF Nos. 13-14) Emergency Motions, Akerman asked the Court to stay his case pending resolution of other cases and for a hearing to discuss his legal questions. In his Motion for hearing, filed on February 4, 2025, Akerman included a "request for extension…before further action in this case" in the body of his motion. ECF No. 14. The requested

1   extension was until February 24, 2025, however Akerman did not identify the deadline he sought
2   to extend in that request and did not file a separate motion for extension as required by this Court's
3   Local Rules. See LR IC 2-2(b) (requiring that "[f]or each type of relief requested or purpose of the
4   document, a separate document must be filed and a separate event must be selected for that
5   document."). Akerman did not file a renewed Motion, application to proceed *in forma pauperis*,
6   or pay the filing fee by the February 7, 2025 deadline, nor by the extended February 24, 2025
7   deadline he requested in his (ECF No. 14) Motion.

8         On February 6, 2025, Akerman filed a Motion for a Protective Order, which the Court
9   liberally construes as seeking judicial notice of his petition for *writ of certiori* in a separate case.
10  ECF No. 15.

11        On March 18, 2025, Akerman filed a motion for a temporary restraining order ("TRO").
12  ECF No. 16. The Motion for TRO was not served on Respondents and is thus *ex parte*. Per Local
13  Rule 7-2(b), "An ex parte motion or application must articulate the rule that permits *ex parte* filing
14  and explain why it is filed on an *ex parte* basis." The Motion for TRO does not include an
15  explanation as to why it must be handled in an *ex parte* manner, rather than be served on
16  Respondents. See id.

17        Also on March 18, 2025, Akerman filed an emergency application to proceed *in forma*
18  *pauperis*. ECF No. 17. The application is dated August 29, 2024, and is an exact copy of the
19  application Mr. Akerman filed in a parallel case in this district, Akerman v. Kerner, 2:24-cv-
20  01062-GMN-EJY. In his Motion, Akerman did not address his failure to meet the Court's deadline
21  of February 7, 2025 nor his requested extended deadline of February 24, 2025. See ECF No. 17.

22        The Court's Order on all pending Motions follows.

23

24      **II.   DISCUSSION**

25        Due to Akerman's failure to comply with Court Orders regarding the filing fee, mandatory
26  screening under 28 U.S.C. § 1915 has been delayed, and there is no operative petition in this case.
27  In the absence of a screened petition, Akerman's action cannot proceed, and his pending Motions
28  are premature. Akerman's March 18, 2025 filing of the *in forma pauperis* application, which is

outdated and was filed in a separate case, does not remedy his failure to timely file the application *in this case.* When a party fails to act within a specified deadline, the court may in its discretion, extend the time for good cause, if the party either requests an extension before the time expires, or on motion made after the time has expired, if the party failed to act because of excusable neglect. See Fed R. Civ. Proc. 6(b). Mr. Akerman did not properly request an extension of time to file the application and did not provide any reason why he needed additional time. Even if the Court were to liberally construe Akerman's February 4, 2025 filing as a request for an extension of time to address the filing fee until February 24, 2025, and grant that request retroactively, Akerman also blew past his requested extended deadline of February 24, 2025.

Although Akerman is proceeding *pro se*, he has demonstrated that he is capable of properly filing an application to proceed *in forma pauperis* in accordance with the Court's local and procedural rules, because his (ECF No. 18) application is an exact copy of the application he filed in a parallel case in this district. The fact that he filed an exact copy of the application he filed in his parallel case, which he has apparently had on hand since August 2024, suggests a lack of diligence and carelessness. His numerous filings for miscellaneous emergency relief also demonstrate that he is a capable litigant. Considering these circumstances, his conduct demonstrates a lack of regard for Court rules and deadlines, even after having been provided multiple extensions and warnings about the consequences for failure to comply, including warnings of dismissal as a sanction. Faced with Akerman's repeated failure to comply with Court Orders and the absence of any showing of good cause or excusable neglect that would warrant a further extension, the Court now considers dismissal of Akerman's action as a sanction.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In

determining whether to dismiss an action, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Akerman's claims. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal of this action.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this Court cannot operate without collecting reasonable fees and this action cannot proceed without a screened petition and Akerman's compliance with the Court's orders and deadlines, the only alternative is to grant Akerman another extension to address the filing fee. But granting another extension of an ignored deadline, with no showing of excusable neglect or other good cause to merit the extension, often only delays the inevitable and further squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Providing another extension without any explanation by Akerman of the reason for his failure is not a meaningful alternative to dismissal given these circumstances. So, the fifth factor favors dismissal.

### III. CONCLUSION

Having thoroughly considered the above factors, the Court finds they weigh in favor of dismissal. **IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice based on Akerman's failure to timely address the matter of the filing fee in compliance with this Court's October 18, 2024, and January 8, 2025 Orders (ECF Nos. 6, 11) and failure to show excusable neglect. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Akerman's pending (ECF Nos. 13, 14, 16 and 18) Motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner Akerman may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this Order within 28 days of its entry. In the motion, Akerman would need to explain the circumstances which led to him not being able to address the matter of the filing fee by the deadline as directed by the Court. If the Court finds there is good cause or a reasonable explanation for the failure, the Court will reopen the case and vacate the judgment.

**DATED:** April 14, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**