UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN AKERMAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THE NEVADA NATIONAL GUARD, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:24-cv-01734-RFB-DJA<br><br>**ORDER** |

　　　Before the Court is Petitioner Martin Akerman's Motion for Reconsideration. For the foregoing reasons, the Court denies reconsideration.

**I.　BACKGROUND**

　　　Petitioner Martin Akerman's initiated this case on September 16, 2024, with a Motion for Leave to Proceed *in forma pauperis* and Petition for writ of replevin and for writ of mandamus. ECF No. 1, 1-2. Akerman's Motion sought to proceed without paying the filing fee under 38 U.S.C. § 4323(h)(1) of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). ECF No. 1. On October 18, 2024, the Honorable Magistrate Judge Daniel J. Albregts denied Mr. Akerman's (ECF No. 1) Motion without prejudice, because neither his Petition nor Motion indicated that he was claiming rights under USERRA. ECF No. 6. The Court gave Akerman until November 18, 2024, to either pay the filing fee, file an application to proceed *in forma pauperis* ("IFP application") on the Court's approved form, or file a renewed motion to proceed without paying the filing fee under USERRA that explained the basis for his motion. Id. The Court warned Mr. Akerman that **failure to comply with the Court's Order could result in the recommended dismissal of the case**. Id.

On October 15, 2024, Akerman filed a renewed Motion for leave to proceed without paying the filing fee under USERRA. ECF No. 7. Akerman also filed other procedurally improper Motions. ECF Nos. 7, 5, 9, 10. Judge Albregts again denied the Motion for leave to proceed without paying the filing fee, because Akerman's renewed Motion had not cured its previous deficiency—it still failed to establish how Akerman's claims arise under USERRA. ECF No. 11. The Court provided Akerman another opportunity to 1) pay the filing fee; 2) file an IFP application on the Court's approved form; or 3) file a renewed motion to proceed without paying the filing fee under USERRA that explained how his claims arise under that statute. Id. The Court extended the time for Akerman to resolve the filing fee issue until **February 7, 2024**. Id. The Court again warned Akerman that **failure to comply with the Court's Order could result in the dismissal of his case.** Id.

Akerman did not comply with the Court's Order by February 7, 2024. Instead, Akerman filed additional, procedurally improper Motions. See ECF Nos. 12-14. In his Motion for hearing, filed on February 4, 2025, Akerman included a "request for extension…before further action in this case" in the body of his motion. ECF No. 14. The requested extension was until **February 24, 2025**, however Akerman did not identify the deadline he sought to extend in that request and did not file a separate motion for extension as required by this Court's Local Rules. See LR IC 2-2(b) (requiring that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."). Akerman did not file a renewed Motion, IFP application, or pay the filing fee by the February 7, 2025, deadline, nor by the extended February 24, 2025 deadline he requested.

On March 17, 2025, the Honorable Magistrate Judge Albregts filed an Order in error, which provided Mr. Ackerman an additional extension to address the matter of the filing fee. ECF No. 17. This Court struck that Order as entered because of clerical error. ECF No. 17. On March 18, 2025, Akerman filed an emergency IFP application. ECF No. 17. The application is dated August 29, 2024, and is an exact copy of the application Akerman filed in a separate case in this district, Akerman v. Kerner, Case Number 2:24-cv-01602-GMN-EJY. In his Motion, Akerman did not address his failure to meet the Court's deadline of February 7, 2025, nor his requested extended

1   deadline of February 24, 2025. See ECF No. 17.

2   On April 14, 2025, the Court dismissed this case as a sanction for Mr. Ackerman's failure to address the filing fee by the Court ordered deadline. ECF No. 20. On April 17, 2025, Mr. Ackerman filed a Motion for Reconsideration. ECF No. 22. The Court's Order on the Motion for Reconsideration and all other pending motions follows.

## II.   DISCUSSION

A Court may set aside a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Id. at 388. While this Court liberally construes *pro se* pleadings, *pro se* litigants must still comply with procedural rules and Court deadlines. See Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Having reviewed Ackerman's Motion for Reconsideration, the Court finds it fails to demonstrate excusable neglect. Ackerman does not acknowledge his failure to meet the February deadlines to address the matter of the filing fee, let alone provide any reasonable explanation for that failure. Instead, he relies upon the Court's (ECF No. 17) Order, which was filed in error and stricken, as causing his confusion about the deadline. However, the stricken Order was filed over a month after the deadline to address the filing fee had passed. Ackerman let that deadline pass after having been twice warned that failure to comply with the Court's deadlines regarding the filing fee could result in the dismissal of this case.

Akerman further argues that his case should be reopened because the Court erred in finding he was not entitled to the fee exception under USERRA, which prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). But Akerman's Petition in this case contains no allegations that he was discriminated against by an employer because of his military service, and he failed to establish how his claims in **this case**

arise under USERRA, despite having been provided multiple opportunities to do so. Indeed, his Motion for Reconsideration also does not explain how his claims at all relate to alleged discrimination by an employer based on his military service.

Finally, the Court notes that this Court lacks jurisdiction to provide the relief requested in Akerman's Petition. The Petition asks this Court to issue a writ of mandamus against the Merit Systems Protection Board (MSPB) related to alleged delays and violations of due process rights by the MSPB. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380 (2004). Pursuant to the Civil Service Reform Act, the Federal Circuit is vested with jurisdiction to review decisions by the MSPB. See 5 U.S. § 7103 et seq. The Federal Circuit already denied Akerman's Petition for writ of mandamus, in an Order Akerman attached to his Petition in this case. See ECF No. 1-2; In Re Martin Akerman, Case No. 24-130 (Fed. Cir. Aug. 21, 2024). This Court lacks jurisdiction to review decisions by the MSPB, so any writ of mandamus against the MSPB by this Court would not be "in aid of" its jurisdiction. See Clinton v. Goldsmith, 526 U.S. 529, 534–535, (1999) (explaining that the All Writs Act "authorizes employment of extraordinary writs 'in aid of' the issuing court's jurisdiction" but does not "enlarge that jurisdiction").

To the extent Akerman seeks reinstatement of his federal tenure, based on allegations that adverse employment actions were taken against him by the Nevada National Guard in violation of his rights under the Civil Service Reform Act (CRSA), this Court likewise lacks jurisdiction to grant the relief requested. See Elgin v. Dep't of Treasury, 567 U.S. 1 (2012) (holding a federal district court lacks jurisdiction to review claims regarding adverse employment actions covered under the CRSA, because the statute's review scheme provides the exclusive avenue to judicial review through the MSPB).[1] Indeed, Akerman has sought redress based on his whistleblower allegations before the MSPB, as evidenced in the MSPB decisions attached to his Petition. See

---

[1] See also MSPB Report, Whistleblower Protections for Federal Employees (2010) https://www.mspb.gov/studies/studies/Whistleblower_Protections_for_Federal_Employees_557972 (describing how a whistleblower can seek redress through the MSPB).

ECF No. 1-2; <u>Martin Akerman v. Dept. of the Army</u>, MSPB Docket Nos. DC-0752-22-0376-S-1; DC-0752-22-0376-I-1. Akerman's dissatisfaction with the MSPB's decisions does not vest this Court jurisdiction to review those decisions.

In sum, even if Akerman had timely addressed the issue of the filing fee, this Court would not have jurisdiction over his claims. Accordingly, even in light of the "the public policy favoring disposition of cases on their merits," dismissal of this action is warranted. <u>In re Phenylpropanolamine (PPA) Products Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006).

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Akerman's (ECF No. 22) Motion for Reconsideration is **DENIED**. This case will remain closed. **<u>No other documents may be filed by Mr. Akerman in this now closed case unless related to an appeal</u>**.

**IT IS FURTHER ORDERED** that all other pending (ECF Nos. 24, 26, 27) Motions are **DENIED** as moot.

**DATED:** September 4, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**