**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MARTIN AKERMAN,

Petitioner,

v.

THE NEVADA NATIONAL GUARD, *et al.*,

Respondents.

Case No. 2:24-cv-01734-RFB-DJA

**ORDER**

Before the Court are Petitioner Martin Akerman's Emergency Motions for Relief from Judgment and to Reopen Time to Appeal. (ECF No. 32). For the following reasons, the Court denies both motions.

## I. BACKGROUND

The Court incorporates by reference the factual background and procedural history set forth in its September 4, 2025, Order. See ECF No. 31. The Court ordered this case to remain closed and for Petitioner not to file any other documents unless related to an appeal. Id. On January 24, 2026, Petitioner filed the instant Emergency Motion for Relief from Judgment and to Reopen Time to Appeal. See ECF No. 32. The Court's Order on the pending motions follows.

## II. LEGAL STANDARD

### A. Motion for Relief from Judgment

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of [her] case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Those circumstances are: (1) mistake, inadvertence, surprise,

or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); Hanson v. Shubert, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020).

**B. Motion to Reopen Time to Appeal**

Federal Rule of Appellate Procedure 4(a)(6) allows a district court to reopen the time to file an appeal only if: "(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

The moving party bears the burden of proving non-receipt of notice. See Nunley v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995). "When a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." Id. Even if the requirements of Rule 4(a)(6) are met, district courts retain discretion to deny a motion to reopen. See Arai v. Am. Bryce Ranches Inc., 316 F.3d 1066, 1069 (9th Cir. 2003).

**III. DISCUSSION**

**A. Motion for Relief from Judgment**

The Court finds that Petitioner has not raised any circumstance warranting relief under Fed. R. Civ. P. 60(b).

First, Petitioner contends that the United States Office of Special Counsel (OSC)'s reopening of investigation constitutes "newly discovered evidence" under Rule 60(b)(2). Petitioner also claims entitlement to relief under Rule 60(b)(3) due to the Department of Defense's alleged perpetration of fraud. See ECF No. 32 at 4–5. However, Petitioner's action

was dismissed by this Court as a sanction for failing to comply with the Court's orders. See ECF No. 20 at 6. Neither the OSC's reopened investigation, nor the Department of Defense's alleged fraud, undermine this Court's determination that Petitioner engaged in sanctionable conduct. Cf. Indiezone, Inc. v. Rooke, 720 F. App'x 333, 338–39 (9th Cir. 2017) (denying relief under Rule 60(b)(2) and (b)(3) because appellants did not present evidence responsive to the district court's reasons for imposing sanctions, nor did appellants present clear and convincing evidence of fraud).

Petitioner further argues that the Court's dismissal is void under Rule 60(b)(4) because the Court lacked statutory authority and subject matter jurisdiction. See ECF No. 32 at 6. To clarify, the Court dismissed Petitioner's action for failure to *timely address* the matter of the filing fee, not the Petitioner's failure to *pay* fees. See ECF No. 20 at 6. In this Court's September 4, 2025, Order, it noted the lack of jurisdiction to provide the relief requested by Petitioner—that is, a writ of mandamus against the Merit Systems Protection Board. See ECF No. 31 at 4. The Court engaged in this jurisdictional analysis to further explain why reconsideration was not warranted. See id. at 5. This Court did not make any findings on the merits of Petitioner's closed case.

Finally, Petitioner asserts that collateral estoppel and excusable neglect are further reasons justifying relief under Rule 60(b)(6). See ECF No. 32 at 6–7. The Court finds that none of Petitioner's cited reasons are "extraordinary circumstances" warranting relief. See Navajo Nation v. Dep't of the Interior, 876 F.3d 1144, 1173 (9th Cir. 2017) (internal quotation marks and citations omitted). Petitioner argues that the Northern District of California erroneously relied on this Court's April 14, 2025, Order, however, the Northern District of California independently determined that Petitioner failed to satisfy the requirements to file a brief as *amicus curiae*. See ECF No. 32, Exhibit B. Further, because this Court did not make merits findings, collateral estoppel does not apply to Petitioner's claims. Petitioner also claims excusable neglect due to medical needs, but Petitioner's failure to file a timely notice of appeal has no bearing on whether the Court should grant relief from Petitioner's failure to meet filing deadlines in February. See ECF No. 31 at 3 (finding no excusable neglect where Petitioner did

not acknowledge his failure to meet February deadlines). Ultimately, the Court finds Petitioner has not shown any circumstances justifying relief from the judgment under Rule 60(b).

**B. Motion to Reopen Time to Appeal**

Petitioner's Motion to Reopen Time to Appeal was filed over 142 days after this Court's denial of Petitioner's Motion for reconsideration. See ECF No. 31. Petitioner has failed to file a timely notice of appeal and now moves to reopen time under Federal Rule of Appellate Procedure 4(a)(6), which requires the moving party to prove non-receipt of notice. Fed. R. App. P. 4(a)(6)(A).

Petitioner has denied receipt of notice, alleging obscured electronic notifications and medical circumstances. See ECF No. 32 at 8. However, the Court finds that Petitioner has not proved non-receipt of notice. See Nunley, 52 F.3d at 796. First, notice of the Court's September 5, 2025, Order was properly sent electronically to Petitioner's email, despite the case's disposition. See ECF No. 31. Per this Court's Local Rules, electronic transmission constitutes sufficient service in Petitioner's case. See Local Rule IC 4-1. Further, throughout the period Petitioner alleges he was incapacitated, he was actively filing in his parallel action in this District. See Akerman v. Kerner, No. 2:24-cv-01602-GMN-EJY, ECF Nos. 82–86. In weighing the evidence, the Court finds that Petitioner has failed to meet his burden to prove non-receipt.

Even if Petitioner did not receive notice, the Court, in its discretion, would deny Petitioner's motion to reopen. See Arai, 316 F.3d at 1069. Given Petitioner's parallel action in this district, and Petitioner's continued failure to acknowledge noncompliance with this Court's Orders, the Court finds that reopening time to appeal is not warranted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's (ECF No. 32) Emergency Motions for Relief from the Judgment and Motion to Reopen Time to Appeal are **DENIED**. Because this case remains closed, and because this Court cannot stay another court's proceedings, Petitioner's Emergency Motion for Writ of Mandamus (ECF No. 36) is also **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Akerman may not file any additional documents in this closed case.

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**